Marjorie Ouyang, Esq. (SBN 314334)
**Valley & Summit Law, LLP**
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (949) 342 8013
E-Mail: Marjorie.ouyang@valleysummitlaw.com

*Attorney for Plaintiff*
*Zhongling Huang*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ZHONGLING HUANG,<br><br>Plaintiff,<br><br>vs.<br><br>RUI ("ALINA") SU, an individual, GENERATION LAB, a California corporation; NOVAS BIOTECH CORP., a Delaware corporation; and DOES 1-10,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>1. BREACH OF CONTRACT<br>2. FRAUD AND DECEIT<br>3. CALIFORNIA SECURITIES FRAUD (Cal. Corp. Code §§ 25401, 25501)<br>4. DUTY TO REGISTER TRANSFER (Delaware UCC §§ 8-401, 8-407)<br>5. UNJUST ENRICHMENT<br>6. DECLARATORY RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ZHONGLING HUANG (hereinafter, "Plaintiff") brings this action against Defendants RUI ("ALINA") SU (hereinafter, "Defendant Su"), Generation Lab (hereinafter, "Generation Lab"), and NovaXS Biotech Corp. (hereinafter, "NovaXS") regarding the following matters:

**THE PARTIES**

1. Plaintiff is an individual residing in Cambridge, Massachusetts.

COMPLAINT
1

2. Upon information and belief, Defendant Su is an individual residing in and a citizen of the State of California, County of Orange. Defendant Su is the Founder of NovaXS and, at all relevant times, was its Chief Executive Officer, Chief Financial Officer, and Secretary.

3. Upon information and belief, Defendant Generation Lab is a California corporation with its principal place of business in San Francisco, California. Upon information and belief, Defendant Su is the principal and managing agent of Generation Lab and exercises complete control over its operations, such that Generation Lab is the alter ego of Defendant Su.

4. Upon information and belief, Defendant NovaXS is a Delaware corporation with its principal place of business in Irvine, California. NovaXS is the issuer of the common stock that is the subject of this dispute.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. Plaintiff is a citizen of Massachusetts, and upon information and belief, all Defendants are citizens of the State of California.

6. This U.S. District Court has personal jurisdiction over Defendants. Defendants Generation Lab and NovaXS are subject to personal jurisdiction because they are California corporations. Defendant Su is subject to specific personal jurisdiction because she purposefully directed her activities at California by, among other things, contracting to sell securities of a California-based company, using a California entity (Generation Lab) to facilitate the transaction, and committing the tortious acts alleged herein which caused injury in California.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this district. Assignment to the Southern Division is proper as the relevant events occurred and Defendants' principal places of business are in Orange County.

## GENERAL ALLEGATIONS

8. On or about November 17, 2022, Plaintiff and Defendant Su entered into a Stock Transfer Agreement (the "Agreement"), pursuant to which Plaintiff agreed to purchase, and Defendant Su agreed to sell, 2,919 shares of common stock (the "Shares") in NovaXS for an aggregate purchase price of $300,000.00. A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

9. In reliance on Defendant Su's representations, made both orally and in writing during October and November 2022, Plaintiff fully performed his obligations under the Agreement, including wiring the full purchase price to a bank account designated by Defendant Su, which upon information and belief was an account held by Generation Lab.

10. The Agreement imposed express obligations on Defendant Su to deliver stock certificates, or to cause NovaXS to issue shares in Plaintiff's name; to represent that the Shares were validly issued and transferable; and to ensure that Plaintiff would acquire good and marketable title.

11. In Section 4.4 of the Agreement, Defendant Su expressly represented that she held valid and marketable title to the Shares, free and clear of any pledge, lien, encumbrance, claim, or interest.

12. Following execution of the Agreement and Plaintiff's payment of the $300,000 purchase price, Defendant Su failed to effectuate the transfer or proper recording of the Shares in Plaintiff's name and failed to ensure that Plaintiff obtained actual and beneficial ownership of the Shares.

13. Upon further investigation, Plaintiff discovered facts indicating that Defendant Su may not have possessed proper title, that the Shares may have been subject to undisclosed encumbrances or restrictions, or that Defendant Su failed to take necessary steps required by NovaXS to lawfully and effectively transfer the Shares. Despite repeated demands, Defendant Su has refused or failed to cure her breach by completing the transfer, refunding the purchase price, or providing any valid justification for her non-performance.

**FIRST CAUSE OF ACTION**

**(Breach of Contract – Against Defendant Su and Generation Lab)**

14. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

15. The Agreement is a valid and enforceable contract supported by mutual consideration.

16. Plaintiff fully performed all conditions, covenants, and promises required under the Agreement, including full payment of the purchase price.

17. Defendant Su materially breached the Agreement by failing to (a) transfer good and marketable title to the shares; (b) ensure the shares were duly recorded in Plaintiff's name; and/or (c) disclose conditions or any necessary information during transactions. As the alter ego of Defendant Su, Defendant Generation Lab is also liable for this breach.

18. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount no less than $300,000.00, plus consequential damages, interest, and legal fees as permitted by law.

## SECOND CAUSE OF ACTION

**(Fraud and Deceit – Against All Defendants)**

19. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

20. Defendants made material misrepresentations of fact with the intent to induce Plaintiff to enter the Agreement and pay the $300,000.00 purchase price.

21. These representations were false and misleading, and Defendants knew them to be false, or made them with reckless disregard for the truth.

22. Plaintiff reasonably and justifiably relied on these representations in entering the Agreement and wiring funds.

23. As a direct and proximate result of Defendants' fraud, Plaintiff has suffered actual damages, including the full value of the payment and consequential economic harm, and is entitled to punitive damages to deter similar misconduct.

## THIRD CAUSE OF ACTION

**(California Securities Fraud (Cal. Corp. Code §§ 25401, 25501) – Against All Defendants)**

24. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

25. Defendants offered or sold securities in the State of California by means of written and oral communications which included untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

26. Pursuant to California Corporations Code § 25501, Defendants are liable to Plaintiff for the consideration paid for the securities, plus interest, less the amount of any income received on the security. A prevailing plaintiff under this statute is statutorily entitled to an award of reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**(Duty to Register Transfer (Delaware UCC §§ 8-401, 8-407) – Against Defendant NovaXS)**

27. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

28. Defendant NovaXS is a corporation organized under the laws of the State of Delaware. The duties of an issuer with respect to registration of transfer are governed by the law of the issuer's jurisdiction.

29. Under Delaware's Uniform Commercial Code § 8-401, an issuer has a statutory duty to register a transfer of a security as requested if certain conditions are met. Plaintiff has met all requisite conditions, and NovaXS has failed or refused to register the transfer.

30. Pursuant to Delaware UCC § 8-401(b), NovaXS is liable to Plaintiff for loss resulting from its unreasonable delay in registration or its failure or refusal to register the transfer.

## FIFTH CAUSE OF ACTION

**(Unjust Enrichment – Against Defendant Su and Generation Lab)**

31. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

32. In the alternative, Plaintiff alleges that Defendants Su and Generation Lab have been unjustly enriched at Plaintiff's expense by accepting and retaining Plaintiff's $300,000.00 payment without providing the bargained-for shares in return.

33. It would be inequitable for Defendants to retain this benefit without providing Plaintiff with the bargained-for consideration or refunding the funds.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief – Against All Defendants)

34. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

35. An actual and present controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. Plaintiff contends that he is the rightful and beneficial owner of the Shares and that Defendants are obligated to take all necessary steps to formally transfer legal title of those Shares to him.

36. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties.

## PRAYER FOR RELIEF

37. WHEREFORE Plaintiff prays for judgment in its favor and against Defendants as follows:

   a. Compensatory damages in an amount but not less than $300,000.00;
   b. For an order of rescission of the Stock Transfer Agreement and full restitution of all monies paid by Plaintiff;
   c. For punitive and exemplary damages pursuant to applicable law;
   d. For prejudgment and postjudgment interest at the maximum rate permitted by law;

e. For attorney's fees and costs of suit as authorized by contract or statute, including mandatory fees pursuant to California Corporations Code § 25501;

f. For a judicial declaration that Plaintiff is the lawful owner of the 2,919 shares of NovaXS common stock;

g. For an order compelling Defendant NovaXS to immediately register the shares in Plaintiff Zhongling Huang's name on its books and to issue new stock certificates to Plaintiff pursuant to Delaware UCC § 8-401;

h. For any other and further relief as the Court may deem just and proper.

Dated: September 14, 2025                     Valley & Summit Law, LLP

*Marjorie Ouyang*

_____
Marjorie Ouyang, Esq.
Attorney for Plaintiff
*Zhongling Huang*